Judgment set aside, and suit dismissed, with costs in both courts.

---

(45 South. 925.)

No. 16,893.

CAMMACK v. LEVY et al.

In re CAMMACK.

(March 2, 1908.)

1. CORPORATIONS — SUBSCRIPTIONS — RELEASE OF SUBSCRIBERS.

The general doctrine is that a corporation has no legal capacity to release an original subscriber to its capital stock from the obligation of paying for his shares, in whole or in part, by reducing the capital stock or by any other arrangement. 10 Cyc. 450, 451.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 296.]

2. SAME—STOCKHOLDERS—LIABILITY TO CREDITORS.

Where a corporation by vote of its stockholders reduced the par value of the shares from $100 to $40, and subsequently one of the shareholders sold 15 shares thus reduced to another shareholder, held, that the purchaser's liability to creditors cannot be enforced beyond the reduced par value of the shares; and, further, that the obligation of the original subscriber and transferror, quoad existing creditors, was not affected by the reduction or the transfer of the reduced shares.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 874–881, 960–971.]

(Syllabus by the Court.)

Certiorari from Court of Appeal, Parish of Iberia.

Action by Andrew J. Cammack against Leopold Levy and others. Judgment for defendant was affirmed by the Court of Appeal, and he applies for certiorari or writ of review. Judgment amended and affirmed.

Andrew Jackson Cammack, in pro. per. Louis Tasker Dulaney, for respondent Compton. Andrew Thorpe, for respondent Leopold Levy.

LAND, J. Plaintiff and the defendant Levy were stockholders in the New Iberia Cotton Mill Company, Limited. Plaintiff owned 5 shares and Levy owned 20 shares of the par value of $100 each. On or about June 6, 1901, Levy offered to sell his shares at 50 cents on the dollar of the amount he had paid thereon. Plaintiff proposed to Levy to purchase 15 of said shares, provided the par value of the stock was reduced from $100 to $40 per share. This was done at a stockholders' meeting by a practically unanimous vote amending the charter. Thereupon plaintiff paid Levy the price agreed upon, and the 15 shares thus reduced were transferred on the books. The secretary issued certificates to plaintiff on the basis of the reduction above stated. In other words, the plaintiff by this purchase acquired 15 shares of the par value of $40 each. This stock so reduced was subsequently paid up in full.

A considerable time after this transaction a receiver was appointed to wind up the affairs of the corporation, which proved to be insolvent. The court holding the reduction of the capital stock voted by the stockholders to be null and void as to creditors ordered a contribution on the basis of $65 per share of $100 par value. The receiver demanded from plaintiff a contribution of $25 on each share of stock standing in his name on the books.

Thereupon the plaintiff instituted the present suit against Levy and the receiver to set aside the sale of said 15 shares, as having been made through fraudulent representa-

tions and statements, and in error of fact on a material point, and to recover against said Levy the sum of $502.50 paid by plaintiff on said shares. Plaintiff further prayed for the cancellation of the transfer of said stock and for its reinstatement on the books in the name of Levy, and to be discharged from further responsibility as a stockholder.

Levy, for answer, pleaded a general denial, admitting, however, the sale of the stock as alleged, but specially averring that as plaintiff participated in the meeting at which the stock was reduced to $40 per share par value and purchased thereafter; and that being previously a stockholder he had the right and the opportunity to fully inform himself of the status of the company before purchasing, he is estopped to plead ignorance or error as to such matters.

The receiver answered, denying any fraudulent representations as to the financial condition of the corporation at the time plaintiff purchased said stock, denying the right of the stockholders to reduce the stock from $100 to $40 a share, and prayed for judgment against plaintiff for $440 balance due on 20 shares of stock standing in his name.

The district court rendered judgment rejecting plaintiff's demand, and condemning him to pay the receiver the amount claimed in reconvention. This judgment was affirmed by the Court of Appeal.

We granted the writ of certiorari prayed for in this case mainly for the purpose of reviewing the judgment in favor of the receiver. But the whole case is now before us for determination.

We concur in the opinion of both courts that there is no evidence tending to prove fraudulent representations or any material error of fact. The error, if any, was one of law, which is not pleaded. The legal consequences of the reduction of the capital stock quoad the then creditors of the corporation was a question of law, pure and simple. The reduction was good in law as to the corporation and stockholders, and perhaps subsequent creditors.

The right of the receiver to a judgment against the plaintiff based on the transfer of the 15 shares of stock is another and different question. Plaintiff was treated in both courts as having assumed all the obligations of Levy as the original subscriber to the capital stock of said corporation. As a matter of fact, plaintiff did not purchase from Levy 15 shares of the par value of $100, but bought from him 15 shares of the par value of $40. Plaintiff bound himself to the corporation to pay the balance due on 15 shares of the par value of $40, and not the balance due on 15 shares of the par value of $100. In short, plaintiff never subscribed to or acquired shares of the par value of $100. Then, under what theory can he be held as a debtor to the corporation for more than the face value of the shares purchased by him? The receiver alleges that plaintiff is bound because the reduction of the capital stock was null and void as to creditors. If so, the status quo was not affected by the reduction. The general doctrine is that a corporation has no legal capacity to release an original subscriber to its capital stock from the obligation of paying for his shares, in whole or in part, by reducing the capital stock or by any other arrangement. 10 Cyc. 450, 451.

If the reduction was void as to creditors, Levy remained bound to them as before. Plaintiff is bound to creditors and the corporation only to the extent he bound himself. The receiver cannot repudiate the reduction as an act ultra vires, and at the same time affirm the validity of the transfer from Levy to the plaintiff. The continued liability of Levy as an original subscriber necessarily excludes the liability of the plaintiff. Both cannot be bound on the same subscription. Plaintiff is bound as holder of the reduced shares or not at all.

It is therefore ordered that the judgment of the district court and of the Court of Ap-

peal be amended by reducing the amount allowed on the reconventional demand of the receiver to $125, and by condemning the receiver to pay costs, and that as thus amended said judgment be affirmed, the receiver to pay costs of this appeal.